Judge Mills
delivered the Opinion of the Court.
MoRRis Brady holding a patent for 2,000 acres of land, lying in Ohio county, sold and gave his bond to convey 1,000 acres thereof to Williams, the plaintiff in error, who sold parcels of said thousand acres, which parcels were conveyed by Brady. Williams, after deducting these parcels, sold the residue to Burnett, the plaintiff in error, and assigned over the conveyonce bond. This balance was supposed to be 446 acres, and Brady accordingly conveyed it to Burnett.
Burnett filed this bill in the circuit court of Ohio county, charging that the original tract fell short of its quantity, and that the balance sold to him by Williams, after purchasers were satisfied, turned out to be only two hundred acres, instead of 446 acres, and he prays that this mistake may be rectified, and that the difference in the price between 200 acres actually obtained by him, and the 446 acres sold to him, may be refunded to him by Williams, or if *323 this cannot be done, that the contract may be set aside- '
^j_P“na to cuted; noap-pearance; ^11 P''°co^' an e"
Suit by pur-cha^e^of pen'sation for deficiency of the quantity take of the parties, is an(i the jurisdiction ap-j^gfca¡r”3u*° wh^ethe defendant may be served ^ mother, unless he ap-’' pear and J
.Rudd, for plaintiff; Mayes, for defendant.
The subpoena in chancery was sent to Nelson county, where Williams resided, and was executed on him there. Williams never appeared to the suit, and Burnett took the bill pro conjesso, and obtained a decree for the difference between the price of 200 acres and 446 acres. To reverse this decree this writ of error is prosecuted by Williams.
The circuit court of Ohio had no jurisdiction of the controversy. The cause of suit was transitory and not local, and of course Burnett could bring his suit in that circuit only where Williams could be found so as to serve the process on him, and he could not bring his suit in one circuit and send his process to another, where Williams might be found. There was no necessary party with Williams in Ohio, to give that court jurisdiction, nor did the existence of the land in Ohio attach to that court jurisdiction. The proceedings were not to recover land, but only for the injury resulting from a mistake in a contract about lands, and the reparation of this injury was a transitory act, which might be performed any where. It was the restoration of money which Williams had received beyond what he ought to have received. It follows that the court of Ohio could not take the bill as confessed, unless Williams had appeared to the process, and waived the want of jurisdiction. This he has not done, and consequently the decree must be reversed with costs, and the cause be remanded, with directions’ to the court below to dismiss the bill.